UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TERRANCE SMITH,                                    NOT FOR PUBLICATION

           Petitioner,                  **MEMORANDUM & ORDER**
                                        18-CV-1763 (KAM)

      -against-

THE PEOPLE OF THE STATE OF NEW YORK


           Respondent.
----------------------------------X
**MATSUMOTO, United States District Judge:**

        On March 19, 2018, petitioner Terrance Smith ("petitioner"), currently incarcerated at Rikers Island, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging his custody under Indictment No. 2849/2017 before the New York State Supreme Court, County of Kings. The court grants petitioner's request to proceed *in forma pauperis*. (*See* ECF No. 2, Motion for Leave to Proceed *In Forma Pauperis*.) For the reasons set forth below, the petition is dismissed as premature.

### DISCUSSION

        Petitioner's application is premature. Section 2254 empowers federal courts with the jurisdiction to review petitions for habeas relief only from a person who is "in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)

1

(emphasis added). Further, Section 2254 provides that a petition for habeas corpus shall not be granted until the applicant "has exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1)(A). Accordingly, in order to be eligible for habeas relief pursuant to Section 2254, a petitioner must be in custody pursuant to a state court judgment, *id.* § 2254(a), and he must fairly present his federal constitutional claims to the highest state court with jurisdiction over them, *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1983) (en banc).

Petitioner has not satisfied the requirements under Section 2254. There is no indication that petitioner has been convicted of the offenses with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under Section 2254. Although the petition states in one place that petitioner has gone to trial (ECF No. 1, Petition for Writ of Habeas Corpus ("Pet.") at 2), on the whole, the petition suggests that the petitioner has not been convicted or sentenced. (*See, e.g., id.* at 8 (noting district attorney is "taking so long to go to trial").) Additionally, the New York state court website indicates that, as of May 30, 2018, petitioner's criminal proceeding is ongoing and his next court date is scheduled for June 7, 2018. *See* New York State Unified Court System,

https://iapps.courts.state.ny.us/webcrim (plaintiff identified by his name and case number 02849-2017) (last visited May 30, 2018). The petition also affirmatively indicates that petitioner has not exhausted his state court remedies. (*See, e.g.*, *id*. at 4, 5, 7, 8, 10-12.)

Thus, this petition is premature and is dismissed without prejudice. *See* 28 U.S.C. § 2254; Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254.[2]

## CONCLUSION

For the reasons stated above, the petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is dismissed without prejudice. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma*

---

[2] Petitioner is further advised that a **one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court**. The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

*pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to close this case, serve petitioner with a copy of this Order, and note service on the docket.

**SO ORDERED.**

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

Dated: May 30, 2018
Brooklyn, New York